

**PRICE DANIEL**
**ATTORNEY GENERAL**

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

May 13, 1948

Hon. R. V. Rayford
County Auditor
Rusk County
Henderson, Texas

Opinion No. V-575

Re: The procedure to be
followed by the Coun-
ty Clerk when request-
ed to furnish certifi-
ed copies of letters
testamentary, letters
of guardianship, and
the like.

Dear Sir:

Reference is made to your recent request
which reads, in part, as follows:

"The County Clerk of this County has ask-
ed me to write you for an opinion or rul-
ing on the matter of Letters Testamentary,
Letters of Administration and Letters of
Guardianship, in probate matters. . .

"Now, as to Article 3405, in order to is-
sue 'Other Letters' must we have proof of
loss, or can as many original letters be
issued to the person who has qualified as
he may desire? Letters are needed in some
matters quite often - such as payments of
oil royalties, etc., cashing Government
bonds, all veterans matters, etc. Can this
be done - or can letters be issued at the
request of such a company or agency, acting
in behalf of the person who has qualified.

"In giving us your opinion, we would spe-
cifically like to know if it is irregular
to record in the Probate Minutes a copy of
Letters issued to a qualified person, and
then henceforth to issue certified copies
of such letters, from the record. Or, up-
on request of any person or agency acting
in behalf of the qualified person, shall
original letters be issued as they are

needed?

"Or, would it be more in line with the meaning of the Statutes for the Clerk to issue and deliver original letters upon qualification, noting the same on the Probate Docket, and then issue Certificates stating that letters were issued upon such and such a date, and that the administration is still in full force and effect?"

Section 20 of Article V of the State Constitution provides, in part, as follows:

"There shall be elected for each county, by the qualified voters, a county clerk, who shall hold his office for two years, who shall be clerk of the County and Commissioners' Courts and recorder of the county, whose duties, perquisites and fees of office shall be prescribed by the Legislature, . . ."

Articles 3401 and 3402, V. C. S., are as follows:

"Art. 3401.   Clerk shall issue letters -

"Whenever an executor or administrator has been qualified in the manner required by law, the clerk of the court granting the letters testamentary or of administration shall forthwith issue and deliver the letters to such executor or administrator."

"Art. 3402.   What constitutes letters -

"Letters testamentary or of administration shall be a certificate of the clerk of the court granting the same, attested by the seal of such court, and stating that such executor or administrator, as the case may be, has duly qualified as such as the law requires, the date of such qualification and the name of the deceased."

Article 4133, V. C. S., provides that:

"When a person appointed guardian has qualified as such, by taking the oath and giving the bond required by law, the clerk shall issue to him a certificate under seal, stating the fact of such appointment and qualification and date thereof; which certificate shall constitute letters of guardianship, and be evidence of the authority of such person to act as guardian."

Articles 3404 and 3405, V. C. S., provide as follows:

"Art. 3404.

"When two or more persons qualify as executors or administrators, letters shall be issued to each of them so qualifying."

"Art. 3405.

"When letters have been destroyed or lost, the clerk may issue other letters in their stead, which shall have the same force and effect as the original letters."

Although there are no statutes dealing with lost or destroyed letters of guardianship, Article 4108, V. C. S., provides that:

"The provisions, rules and regulations which govern estates of decedents shall apply to and govern such guardianships, whenever the same are applicable and not inconsistent with any provision of this title."

By virtue of the above statute, what we have to say in regard to letters of administration and testamentary is also applicable to letters of guardianships.

It is apparent from the constitutional provisions quoted above that the County Clerk may perform only those duties which are imposed upon him by law.

The statutes do not authorize the County Clerk

to record letters of administration, testamentary or guardianship. Neither is there any authority whereby the County Clerk may issue such letters to any person other than those who have qualified as administrator, executor or guardian according to law.

If, however, such letters have been lost or destroyed, provision is made under Article 3405, supra, for the issuance of other letters in their stead. Although third persons may demand and the County Clerk may issue a certificate of the transcript of the record of any estate, upon paying the required fee, such persons are not entitled to receive letters of administration, testamentary or guardianship.

Article 3295, V. C. S., provides, in part, as follows:

"The clerk of the county court shall keep a record book to be styled, 'Judge's Probate Docket,' and enter therein:

"4. A minute of all orders, judgments, decrees and proceedings had in the estate, with the date thereof."

It is apparent from the foregoing provisions that after a person has been duly appointed administrator, executor or guardian, and has taken the oath and given bond, it is mandatory that the County Clerk issue proper letters to such person.

The performance of such duty by the County Clerk is incidental to and a part of the proceedings mentioned in the above Article. This being true, we believe the statute contemplates that the County Clerk should enter in the Probate Docket the date, and the name of the person to whom such letters were issued.

Article 3930, V. C. S., provides, in part, that:

"Clerks of the county Court shall receive the following fees: . . .

"Each certificate to any fact or facts contained in the records of his office, with certificate and seal, when not otherwise provided for                                    .50 "

Therefore, in view of the foregoing, it is our opinion that the County Clerk may make a certificate that letters of administration, testamentary or guardianship have been issued in such estate or guardianships, the date of such issuance and the name of the persons to whom they were issued.

### SUMMARY

The original letters of administration, testamentary or guardianship must be lost or destroyed before the County Clerk may issue other letters. Article 3405, V. C. S.

The County Clerk may not record in the probate minutes a copy of letters of administration, testamentary or guardianships. Neither is he authorized to issue such letters to third persons. However, after such letters have been issued to the proper persons, the County Clerk may then issue a certificate of such facts which may appear of record. Articles 3295 and 3930, V. C. S.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Bruce Allen*

Bruce Allen
Assistant

BA:mw

APPROVED:

*Price Daniel*

ATTORNEY GENERAL